## HERMAN PENN
### vs.
## WILLIAM J. COX, HIGHWAY COMMISSIONER

Superior Court     New Haven County     File No. 55721

MEMORANDUM FILED MARCH 24, 1939.

*William T. Holleran,* of New Haven, for the Plaintiff.

*Charles J. McLaughlin,* Attorney General; *Harry L. Brooks,* Assistant Attorney General, for the Defendant.

SIMPSON, J. In 1937 the plaintiff became the owner of property abutting on the north by Jones Hill Road, so-called, in the Town of West Haven. In 1932 the then highway commissioner made certain improvements in the roadway, widened the

traveled surface thereof and laid a hard surface thereon.

North of Jones Hill Road opposite plaintiff's property and for several hundred feet to the west, there is a natural watershed. Jones Hill Road at the location in question runs east and west and the grade is descending to the east. For 45 or 50 years prior to 1932 there existed a drain or ditch on the northerly side of the road. This drain or ditch took care of surface water from the land north of the road and was also fed by water seeping through the ground, with the result that there was a "live" stream in the ditch or drain except in very dry weather. The road is a very old highway and for the entire 45 or 50 years the water coming into the ditch or drain flowed easterly to a point opposite plaintiff's property where it flowed under the highway through a drain one and one-half feet by one foot, and thence over the shoulder of the side of the road onto the property now owned by plaintiff, and thence ran in a natural depression for a short distance to a natural brook or stream.

In 1932, defendant's predecessor moved a portion of the drain or ditch on the road to the north in order to provide for the widening of the traveled portion of the road. He did nothing that would increase the amount of water flowing through the drain or ditch. He replaced the old culvert with a 15-inch concrete pipe, which was slightly less in capacity than the old culvert. At the northerly end of the 15-inch concrete pipe where it joined the drain or ditch he placed a small bulkhead and on the south end of the concrete pipe he placed a concrete retaining wall. Otherwise he left the situation as he found it and as it had existed for approximately 50 years. He did not enter upon the land now owned by plaintiff for any purpose.

Under these conditions the court cannot find that the highway commissioner caused any damage to the then owners of the land. It was reasonably necessary for the water to be continued to be drained from the highway. Nor was any damage done to the owners of the land by letting the water flow as it had theretofore been flowing.

Plaintiff's real grievance, it seems to the court, is that the highway commissioner, instead of actually damaging the property, did not build an additional concrete pipe on the south of the road to the east and thus take care of the water coming through the culvert, as well as the water from the natural

brook or stream which ran from his land in a northeasterly direction and onto the highway and thence in front of his property to the east. This would undoubtedly have improved the property the plaintiff now owns, but the court can conceive of no such duty on the highway commissioner in view of the general situation and also in view of the fact it would have cost in excess of $400 including the connection with the brook or stream coming from plaintiff's property.

Plaintiff makes the claim that the defendant is maintaining a condition which is injurious to his property and which in effect is a nuisance. But, as stated above, no unreasonable damage, if any, was done or is being done plaintiff's land. If it conceivably could be deemed a nuisance, it was a private one, and had existed for at least 50 years prior to 1932, which would raise a presumption that it originated by grant or otherwise. House vs. Metcalf, 27 Conn. 631, 639.

There is no evidence in this case to rebut such a presumption.

The parties have cited many cases where the question of liability was considered in reference to clearing water from the highway through abutting land, but none of them go so far as to hold that a liability exists under any circumstances and it seems to the court that in view of the particular circumstances and conditions existing in the instant case, that where liability was found, those cases can be easily distinguished from the present case.

The issues are found for the defendant and judgment rendered accordingly.